## IN THE CIRCUIT COURT OF MARSHALL COUNTY
## STATE OF MISSISSIPPI

| | |
|---|---|
| FRANK WILSON, JR. ) | |
| ) | USDC No. 3:21cv98-DMB-RP |
| Plaintiff, ) | |
| ) | Cause No. CV2021-143 |
| v. ) | |
| ) | |
| M.C. VAN KAMPEN TRUCKING, INC., and ) | |
| SHAWN CHRISTOPHER JANAK, ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, FRANK WILSON, by and through his attorney, Clay Culpepper and the law firm of Evans Petree PC, bring suit against the Defendants, M. C. VAN KAMPEN TRUCKING, INC. (hereinafter referred to as "Defendant Van Kampen") and SHAWN CHRISTOPHER JANAK (hereinafter referred to as "Defendant Janak"), and in support thereof states as follows:

### PARTIES

1. Plaintiff Frank Wilson, Jr. is an adult resident of the State of Mississippi.

2. Defendant Shawn Christopher Janak is an adult resident of Arizona whose address is 441 N. Grand Avenue, Ste 4 # 521b, Nogales, AZ 85621.

3. Defendant M.C. Van Kampen, Inc. is a Michigan corporation, whose registered office address is 12697 Valley Drive, Wayland, MI 49348. It may be served via its Registered Agent, Marvin C. Vankampen, 5841 Clay Avenue SW, Wyoming, MI 49548.

1

## JURISDICTION AND VENUE

4. This cause of action arises in tort, as a result of injuries sustained due to the negligence conduct, reckless conduct and grossly negligent operation of a motor vehicle driven by Defendant Janak, in Marshall County, Mississippi on or about February 3, 2021.

5. Jurisdiction and venue are proper with this Court because the incident occurred and/or accrued in Marshall County Mississippi.

## FACTS

5. On or about, February 3, 2021, Plaintiff was operating his 2007 Ford F-150 motor vehicle westbound on Highway 72 at or near Mile Marker 1, in Marshall County, Mississippi.

6. At the same time and place, Defendant Janak was operating a tractor semi-trailer owned by Defendant Van Kampen, also traveling westbound on Highway 72 at or near Mile Marker 1, in Marshall County, Mississippi.

7. Defendant Janak was an employee of Defendant Van Kampen at the time of the truck accident.

8. At all times herein mentioned Plaintiff's vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Mississippi.

9. Defendant Janak failed to maintain control of his truck, failed to pay attention, acted recklessly and negligently, at an excessive and dangerous rate of speed, and rear-ended Plaintiff's vehicle.

10. As a result of the rear-end collision, Plaintiff was forced off the right shoulder of the highway where his vehicle became airborne, flipped multiple times, clipped a utility pole several feet in the air, and came to rest upside down.

2

11. Plaintiff suffered multiple, life-threatening injuries as a result of the collision, including bleeding on his brain and traumatic brain injury.

12. Immediately after the collision, Defendant Janak stated that his driving privileges had only recently been reinstated after being involved in another collision that resulted in a death.

13. Defendant Janak made the above-referenced statement while smoking from a bong or hookah style pipe while pacing outside of the scene of the collision.

## COUNT I – NEGLIGENCE (Defendant Janak)

14. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

15. Defendant Janak had a duty to act reasonably and use due care while driving. Defendant Janak had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of Mississippi, to maintain proper speed for the conditions, to reduce the speed of his truck to avoid an accident, to maintain a proper distance between vehicles, to stay to the right hand side of the road, to maintain his vehicle within his lane and to pay full time and attention to the operation of his vehicle and to avoid a collision.

16. Defendant Janak breached that duty of due care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the traffic control device, failing to obey the laws and rules of the State of Mississippi, failing to maintain proper speed for the conditions, failing to reduce speed of his truck to avoid an accident, failing to maintain a proper distance between vehicles, by failing to control the vehicle in order to avoid a collision, failing to maintain his vehicle in his travel lane and collided with Plaintiff's vehicle.

17. Plaintiff charges and alleges that Defendant Janak was also guilty of the following acts and/or omissions of common law negligence which were the direct and proximate cause of the collision and Frank Wilson's injuries, to-wit:

a. Negligently failing to maintain a proper lookout ahead;

b. Negligently failing to maintain proper control of the vehicle under the existing circumstances;

c. Negligently failing to devote full time and attention to the operation of the vehicle;

d. Negligently failing to use the degree of care and caution that was required under the existing circumstances;

e. Negligently failing to operate the vehicle at a safe speed for the circumstances then and there existing;

f. Negligently failing to use that degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances at the time and place of the aforementioned collision;

g. Negligently failing to avoid a collision when Defendant knew and/or should have known that a collision was imminent; and,

h. Negligently failing to have his vehicle under proper control, keep a proper look-out ahead, and drive at a speed and sufficient distance behind vehicle so that should the vehicle stop suddenly, he can nevertheless stop his vehicle without colliding with said vehicle.

i. Negligently exceeding the speed limit.

18. Plaintiff further charges and alleges that Defendant Janak was guilty of violating one or more of the following statutes of the State of Mississippi, each and every such statute being in full force and effect at the time and place of the collision complained of, each and every such

violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of Plaintiff Frank Wilson's injuries, to-wit:

> *Section 63-3-201*      *Offenses and penalties generally;*
>
> *Section 63-3-603(a)*    *Driving on roadways laned for traffic;*
>
> *Section 63-3-609(a)*    *Overtaking and passing of vehicles proceeding in same Direction;*
>
> *Section 63-3-609(b)*    *Overtaking and passing of vehicles proceeding in same Direction;*
>
> *Section 63-3-619*      *Distances to be maintained between traveling vehicles;*
>
> *Section 63-3-1201*     *Willful or Wanton Disregard;*
>
> *Section 63-3-1213*     *Careless or imprudent driving and/or;*
>
> *Section 63-11-30*      *Operation Under Influence of Alcohol or Oher Impairing Substance;*

19. As a direct and proximate cause of the negligence of Defendant Janak, Plaintiff's vehicle was totaled, and he suffers from significant and potentially permanent physical injuries, conscious mental anguish, emotional distress, pain and suffering in the past and in the future, past medical expenses and future medical expenses.

20. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Janak, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

WHEREFORE, Plaintiff Frank Wilson demands compensatory damages against Defendant Janak in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

### COUNT II – NEGLIGENCE (Defendant Van Kampen)

21. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

22. At all times material hereto, Defendant Janak, was acting within the course and scope of his employment or agency with Defendant Van Kampen and was furthering the business interests of Defendant Van Kampen and at all times had permission to operate the company vehicle.

23. Defendant Van Kampen is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Shawn Janak on February 3, 2021, which are described above and were committed within the course and scope of his agency or employment with Defendant Van Kampen.

24. Defendant Van Kampen also had a duty to Plaintiff to act reasonably.

25. As an employer, Defendant Van Kampen is <u>independently</u> negligent in hiring, qualifying, training, entrusting, supervising and retaining Defendant Janak in connection with his operation of a and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

26. Defendant Van Kampen failed to ensure that their vehicle and driver complied with federal and state laws and regulations.

27. Defendant Van Kampen failed to properly inspect, maintain, service, or repair the

vehicle that Defendant Janak was operating.

28. As an employer and motor carrier, Defendant Van Kampen had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Mississippi law and industry standards including:

    (a) The duty to properly qualify Defendant Janak;

    (b) The duty to properly train Defendant Janak;

    (c) The duty to properly inspect and maintain its vehicles;

    (d) The duty to make sure its employees are medically able to operate commercial motor vehicles;

    (e) The duty to prevent its employees from operating a commercial motor vehicle while they have any untreated sleep conditions or disorders; and

    (f) The duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicle.

29. Defendant Van Kampen was <u>independently</u> negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Mississippi law and industry standards.

30. As a result of the foregoing breeches of duties, Plaintiff Frank Wilson suffered significant and serious injuries.

31. Alone or in conjunction with the gross negligence of Defendant Janak, Defendant Van Kampen's negligence proximately caused the injuries sustained by Frank Wilson.

32. Defendant Van Kampen is liable to the Plaintiff Frank Wilson for all damages allowed by law for the injuries, damages, and losses he sustained as a result of the negligence of Defendant Van Kampen and/or their own independent negligence.

33. As a direct and proximate cause of the negligence of Defendant Van Kampen, Plaintiff's vehicle was totaled, and he suffers from significant and potentially permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses and future medical expenses, as well as lost wages.

34. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Van Kampen, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for Plaintiff, to avoid the accident.

WHEREFORE, Plaintiff Frank Wilson demands compensatory damages against Defendant Van Kampen in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

### COUNT III - NEGLIGENT ENTRUSTMENT (Defendant Van Kampen)

35. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

36. The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Janak in a negligent and reckless manner, which because of his inexperience, prior record, and prior actions, Defendant Van Kampen knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving a truck.

37. Defendant Van Kampen, as the employer of Defendant Janak, had the right to permit and the power to prohibit the use of this truck by Defendant Janak.

38. Defendant Van Kampen knew, or had reason to know, that Defendant Janak because of his inexperience, prior record, and/ or prior actions, was likely to drive his truck in a negligent and reckless manner.

39. As a direct result of Defendant Van Kampen negligently entrusting Defendant Janak, who operated said vehicle owned by Defendant Van Kampen in a negligent and reckless manner, the Plaintiff, without any contributory negligence, lost the use of his vehicle which was totaled, and did suffer the injuries, damages, and harm previously enumerated in Count I of this Complaint.

WHEREFORE, Plaintiff Frank Wilson demands judgment against Defendant Van Kampen in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

### COUNT IV - NEGLIGENT ENTRUSTMENT (Defendant Van Kampen)

40. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

41. The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Janak in a negligent and reckless manner, which because of his inexperience, prior record, and prior actions, Defendant Van Kampen knew, or had reason to know, was likely and involved an unreasonable risk of harm to others.

42. Defendant Van Kampen, as the owner of the truck driven by Defendant Janak, has the right to permit and the power to prohibit the use of said vehicle by Defendant Janak.

43. Defendant Van Kampen knew, or had reason to know, that Defendant Janak because of his inexperience, prior record, and/ or prior actions, was likely to drive his truck in a negligent and reckless manner.

44. As a direct result of Defendant Van Kampen negligently entrusting the vehicle to Defendant Janak, who operated said vehicle in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in Count I of this Complaint.

9

WHEREFORE, Plaintiff Frank Wilson demands judgment against Defendant Van Kampen in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

### COUNT V – NEGLIGENT HIRING AND RETENTION (Defendant Van Kampen)

45. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

46. Defendant Van Kampen had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant Van Kampen owed such duty to Plaintiff and such duty was breached.

47. Defendant Van Kampen knew, or should have known, that Defendant Janak would be likely to operate a motor vehicle in a negligent and reckless manner.

48. Defendant Van Kampen knew, or should have known, that Defendant Janak was not competent or fit for the duties required of him as an employee. Defendant Van Kampen breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

49. As a result of Defendant Van Kampen's negligence in hiring and retaining Defendant Janak, Plaintiff was injured as alleged.

WHEREFORE, Plaintiff Frank Wilson demands judgment against Defendant Van Kampen, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs, pre- judgment interest, and post-judgment interest as this Court deems appropriate.

### COUNT VI – AGENCY (Defendant Van Kampen)

50. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

51. The above-described acts of Defendant Janak were committed while he was acting as an agent, servant, and or employee of Defendant Van Kampen.

52. The above-described acts of Defendant Janak were committed within the scope of his agency and while furthering the business interests of Defendant Van Kampen.

53. As the principals for Defendant Janak, Defendant Van Kampen are responsible for all of the acts committed by Defendant Janak within the scope of his agency.

WHEREFORE, Plaintiff Frank Wilson demands judgment against Defendant Van Kampen in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

## COUNT VI -NEGLIGENT, GROSSLY NEGLIGENT, AND/OR WILLFUL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff reincorporates the preceding paragraphs as though set forth verbatim.

55. The Plaintiff suffered mental and emotional distress as a result of the collision caused by Defendants Janak and Van Kampen. The Plaintiff continues to suffer mental and emotional distress due violent, tragic, and shocking nature of the collision, the injuries sustained therefrom, and the near death experienced that resulted.

56. The Defendants' acts and/or omissions were willful, wanton, grossly careless, indifferent, reckless, and/or negligent and said conduct resulted in the collision and injuries sustained by Plaintiff Frank Wilson. The Defendants' acts constitute the direct, sole, and proximate cause of the mental and emotional distress suffered by the Plaintiff, and such damages were reasonably foreseeable consequences of Defendants' negligent acts.

WHEREFORE, Plaintiff Frank Wilson demands judgment against Defendant Van Kampen in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

## DAMAGES

57. Plaintiff reincorporates the preceding paragraphs as though set forth verbatim.

58. The negligence and above alleged acts and/or omissions of the Defendants were the proximate cause and/or contributing cause of injuries to Plaintiff Frank Wilson which resulted in his conscious pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, loss of support, and all other damages allowable under Mississippi law. Further, the negligence and above alleged acts or omissions of the Defendants were the sole proximate cause of the Plaintiff's injuries and losses, including the loss of his vehicle, and mental and emotional distress and anguish, loss of enjoyment of life, and Plaintiff specifically pleads for recovery of said damages.

59. Specifically, as a result of the Defendants' conduct, the Plaintiff has suffered the following damages:

    (a)    Emotional and mental anguish and suffering;

    (b)    Loss of enjoyment of life;

    (c)    Economic losses, wages, and benefits, and lost wages;

    (d)    Medical and related expenses;

    (e)    Attorneys' fees;

    (f)    Pre-judgment interest;

    (g)    Post-judgment interest;

    (h)    All costs of court; and

    (i)    All other damages recoverable under Mississippi law to be shown at the trial of this matter.

## PUNITIVE DAMAGES

60. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

61. The conduct of the Defendants was grossly negligent, intentional, and/or reckless and gives rise to punitive damages and the Plaintiff specifically requests the award of such punitive

damages.

62. Defendants' conduct described herein was reckless and was undertaken with a conscious disregard of well-known, substantial risks.

63. Plaintiff is entitled to punitive damages in such amount as shall be necessary and appropriate to punish Defendants and to deter Defendants and anyone else from engaging in such behavior.

WHEREFORE PREMISES CONSIDERED, the Plaintiff brings suit and demands judgment of and from the Defendants in an amount that will adequately and fairly compensate the Plaintiff for all aspects of the injuries and damages suffered, and for punitive damages, together, with all costs for bringing this action, and any other relief to which they may be entitled under Mississippi Law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendants as follows:

1. Plaintiff respectfully demands of the Defendant Janak as compensatory damages the sum of One Million Dollars ($1,000,000.00).

2. Plaintiff respectfully demands of the Defendant Van Kampen as compensatory damages the sum of One Million Dollars ($1,000,000.00).

3. Plaintiff respectfully demands that that it be awarded punitive damages from Defendants.

4. The Plaintiff demands a trial by jury.

5. The Plaintiff respectfully prays for the costs of court, pre-judgment and post-judgment interest, and all other costs allowed by law.

6. The Plaintiff prays for such further relief as the Court may deem just and proper.

Respectfully submitted by,

EVANS | PETREE, PC

*/s/ Clay Culpepper*

Clay Culpepper (MS Bar No. 104022)
1715 Aaron Brenner Dr., Suite 800
Memphis, Tennessee 38120
Telephone: (901) 521-4562
Fax: (901) 374-7536
cculpepper@evanspetree.com
*Counsel for Plaintiff*

14

FILED
APR 21 2021
MONET AUTRY
CIRCUIT CLERK, MARSHALL CO., MS
BY_____ D.C.