**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**FRANK WILSON, JR.**                                                           **PLAINTIFF**

**V.**                                                          **NO. 3:21-CV-98-DMB-RP**

**M.C. VAN KAMPEN TRUCKING, INC.,**
**and SHAWN CHRISTOPHER JANAK**                          **DEFENDANTS**

## ORDER

Before the Court is "Plaintiff's Motion in Limine to Strike Defendants' Affirmative Defenses." Because the motion is both procedurally and substantively deficient, it will be denied.

### I
### Relevant Procedural History

On April 21, 2021, Frank Wilson filed a complaint in the Circuit Court of Marshall County, Mississippi, against M.C. Van Kampen Trucking, Inc., and Shawn Christopher Janak, asserting claims arising from a motor vehicle accident between him and Janak. Doc. #2. Alleging diversity jurisdiction, the defendants removed the case to the United States District Court for the Northern District of Mississippi on May 11, 2021. Doc. #1. Trial is set for August 29, 2022. Doc. #27.

In anticipation of trial, Wilson filed a motion in limine asking the Court "to strike all affirmative defenses raised by Defendants in this matter." Doc. #60. The defendants responded in opposition. Doc. #62. Wilson did not reply.

### II
### Discussion

In urging the Court to strike the defendants' affirmative defenses, Wilson relies on Local Rule 7, specifically, its provision that "[a]ffirmative defenses must be raised by motion. Although the affirmative defenses may be enumerated in the answer, the court will not recognize a motion

included within the body of the answer, but only those raised by a separate filing." Doc. #61 at PageID 589 (quoting L.U. Civ. R. 7(b)(2)(A)). Wilson argues that because the defendants "have not raised any of [the] affirmative defenses [in their answer] by motion, including, but not limited to, any affirmative defense based upon comparative fault," "the affirmative defenses should not be recognized and should be stricken." *Id.* at PageID 590.

The defendants respond that only the specific defenses enumerated in Federal Rule of Civil Procedure 12(b) must be asserted by motion and they are not making any such defenses. Doc. #62 at 1. They also argue that Wilson's failure to timely file a Rule 12(f) "motion to strike an 'insufficient defense'" warrants denial of his motion in limine. *Id.* at 1–2. Further, the defendants argue that "comparative fault is not a legal defense that requires this court to rule on its sufficiency as a matter of law" and they satisfied the notice requirements of Rule 8 "[b]y timely alleging in their Answer the applicability of the doctrine of comparative fault." *Id.* at 2.

Although styled as a motion in limine, Wilson's motion fails to identify any specific *evidence* that he wishes to preclude from admission at trial. Because "[t]he purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence,"[1] a request to have a party's affirmative defenses stricken through means of a motion in limine is procedurally improper.

Regardless, Local Rule 7 does not reference much less authorize the striking of defenses,[2] neither in the provision quoted by Wilson nor at any other point. And the specific text of Local Rule 7 quoted by Wilson in his memorandum simply says that a party must not bury a motion on

---

[1] *Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 574 (N.D. Miss. 2021).

[2] To the extent Wilson's request to strike the defendants' affirmative defenses would be properly made pursuant to Federal Rule of Civil Procedure 12(f), the Court agrees with the defendants that such motion would be untimely. *See* Fed. R. Civ. P. 12(f) (a motion to strike pleadings must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading").

an affirmative defense in the body of its answer; rather, any *motion in the answer on an affirmative defense* must be separately filed. Put differently, Wilson's quoted portion of Local Rule 7 applies only when three conditions are present—there is (1) a motion, (2) in the answer, (3) raising an affirmative defense.[3] Wilson does not contend here that the defendants' answer includes a motion on an affirmative defense.[4] Even more, there is nothing in Local Rule 7 requiring a defendant to raise an affirmative defense *before trial*.[5] For all these reasons, Wilson's motion in limine must be denied.[6]

**III**

**Conclusion**

"Plaintiff's Motion in Limine to Strike Defendants' Affirmative Defenses" [60] is **DENIED**.

**SO ORDERED**, this 5th day of August, 2022.

**/s/Debra M. Brown**

**UNITED STATES DISTRICT JUDGE**

---

[3] Read most broadly in an administrative sense, this quoted text applies to *any* motion made in an answer, not just a motion asserting an affirmative defense, to give the Court and all opposing parties clear notice of the existence of the motion.

[4] Wilson seeks to strike *all* affirmative defenses whether or not there is a corresponding motion on each of them in the answer. There is one instance in the defendants' answer where they do move for relief—they "move the court to bifurcate the issue of punitive damages at the jury trial of this matter." Doc. #5 at 5. While this "motion" appears in the defendants' answer in the "Affirmative Defenses" section, it concerns a procedural matter regarding the *timing* of the introduction of certain evidence, not a dispositive matter or a purely evidentiary one, and the request to strike it is untimely.

[5] Notably, Federal Rule of Civil Procedure 7 provides that "[a] request for a court order must be made by motion" and such motion "must … be in writing *unless made during a hearing or trial*." Fed. R. Civ. P. 7(b)(1)(A) (emphasis added). Since Local Rule 7(b)(2)(A) only requires a *motion in the answer* asserting an affirmative defense to be raised by a separate filing, it does not conflict with this federal rule.

[6] This outcome is also appropriate since the proposed pretrial order approved by the parties (and submitted after the completion of briefing on the motion in limine) ultimately will determine what claims and defenses will be allowed at trial.