IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FRANK WILSON, JR.**                                                                                       **PLAINTIFF**

**V.**                                                 **NO. 3:21-CV-98-DMB-RP**

**M.C. VAN KAMPEN TRUCKING, INC.,**
**and SHAWN CHRISTOPHER JANAK**                                        **DEFENDANTS**

## ORDER

Trial in this case commenced August 29, 2022. After the plaintiff rested at the end of his case-in-chief, the defendants orally moved for judgment as a matter of law[1] on the plaintiff's claims for punitive damages; negligent hiring; negligent retention; negligent entrustment; and negligent, grossly negligent, and/or intentional infliction of emotional distress. Wilson responded by withdrawing his claims for negligent hiring, negligent entrustment, negligent retention, and punitive damages.[2]

In accordance with the Court's oral ruling, the defendants' motion for judgment as a matter of law (1) is **DENIED as moot** as to the withdrawn claims; (2) is **DENIED** as to the negligent infliction of emotional distress claim; and (3) is **DENIED as moot** as to the claims for intentional and grossly negligent infliction of emotional distress.[3] All withdrawn claims and the claims for intentional and grossly negligent infliction of emotional distress are **DISMISSED with prejudice**.

---

[1] The defendants moved for a "directed verdict." Motions for directed verdict "are now known" as motions for judgment as a matter of law under Federal Rule of Civil Procedure 50. *X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 410 n.2 (5th Cir. 2013).

[2] Wilson correctly acknowledged that no punitive damages claim is mentioned in the pretrial order. So even if the punitive damages claim had not been expressly withdrawn, it would have not been permitted to proceed.

[3] Because the claims for grossly negligent and intentional infliction of emotional distress are not mentioned in the pretrial order either, they would have not been allowed to proceed regardless.

**SO ORDERED**, this 2nd day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**